In the Matter of Conny SJOSTROM, Bankrupt.

Conny SJOSTROM, Appellant,

v.

Clifford E. STONER, Trustee of the Bankrupt Estate of Conny Sjostrom, Bankrupt, Appellee.

No. 14617.

United States Court of Appeals Seventh Circuit.

Nov. 25, 1964.

Wesley E. Lindberg, Rockford, Ill., for appellant.

Charles S. Thomas, Rockford, Ill., for appellee.

Before HASTINGS, Chief Judge, and DUFFY and CASTLE, Circuit Judges.

CASTLE, Circuit Judge.

Conny Sjostrom, the bankrupt-appellant, prosecutes this appeal from an order of the District Court affirming the order of the referee in bankruptcy denying the bankrupt a homestead exemption in the proceeds from the sale of certain real estate. The appeal presents no factual dispute and the sole contested issue is whether the referee's legal conclusion, affirmed by the District Court, represents the application of correct legal criteria.

The record discloses that in 1956 the bankrupt and his wife purchased as joint tenants a residence property in Rockford, Illinois, which they occupied as a dwelling until July 19, 1961. On April 25, 1961, they conveyed the property to the Illinois National Bank and Trust Co. of Rockford pursuant to a trust agreement which provided that the grantee-trustee hold the property for the ultimate use and benefit of the grantor-beneficiaries whose interests were to consist solely of a power of direction over the title to the property and the right to receive the proceeds of a sale or rental of the property. It was further provided that the trustee was vested with full and complete legal and equitable title to the property and the interests of the beneficiaries should be deemed to be personal property.

The conveyance to the bank as trustee contained a release and waiver of homestead executed in conformity with the applicable statutory provisions.[1]

On July 18, 1961, the bankrupt and his wife executed a direction for deed authorizing and directing the bank, as trustee, to convey title to the property to designated grantees, and the following day the bankrupt and his wife moved from the property to a new residence. On July 20, 1961, the bank made the conveyance as directed. On July 25, 1961, the appellant was adjudicated a bankrupt pursuant to a voluntary petition in bankruptcy he had executed on July 14, 1961. The appellee-trustee in bankruptcy presently holds the bankrupt's share of the proceeds realized from the sale of the property to the purchasers designated in the direction for deed. The bankrupt asserts a claim of homestead right and exemption to the extent of $2500.00 in those proceeds.

The Illinois statute creating the estate of homestead and endowing it with exempt status (Ill.Rev.Stat.1961, ch. 52, § 1) provides as follows:

"Every householder having a family, shall be entitled to an estate of homestead, to the extent in value of $2,500, in the farm or lot of land and buildings thereon, owned or rightly possessed, by lease or otherwise, and occupied by him or her as a residence; and such homestead, and all right and title therein, shall be exempt from attachment, judgment, levy or execution, sale for the payment of his debts, or other purposes, and from the laws of conveyance, descent and devise, except as hereinafter provided."

Provision is made in § 4 of Ch. 52 as to the manner in which such estate may be released, waived or conveyed. And § 6 of Ch. 52 provides:

"When a homestead is conveyed by the owner thereof, such conveyance shall not subject the premises to any lien or incumbrance to which it would not have been subject in the hands of such owner; and the proceeds thereof, to the extent of the amount of $2500, shall be exempt from execution or other process, for

---

1. Ill.Rev.Stat.1961, ch. 52, § 4 and ch. 30, § 26.

one year after the receipt thereof, by the person entitled to the exemption, and if reinvested in a homestead the same shall be entitled to the same exemption as the original homestead."

 The bankrupt expressly released and waived his homestead estate and exemption in his April 25, 1961, conveyance to the bank. That conveyance effectively extinguished the bankrupt's homestead estate and exemption in the property conveyed. The bankrupt was no longer possessed of a homestead in the property after its conveyance to the bank. And, the proceeds resulting from the bank's subsequent sale and conveyance of the property, in which it then possessed complete and exclusive title, both legal and equitable (Chicago Federal Savings & Loan Association v. Cacciatore, 25 Ill. 2d 535, 185 N.E.2d 670), do not constitute proceeds of a conveyance by the bankrupt as owner of a homestead, or possessor thereof, so as to entitle the bankrupt to an exemption to the extent of $2,500 in such proceeds, continuing for one year after receipt, under the provisions of § 6 of Ch. 52, supra. Section 6 extends an exemption to proceeds only when such proceeds are the avails of "a homestead * * * conveyed by the owner thereof".

The monies which the bankrupt seeks to subject to a homestead exemption in his favor are the proceeds of a conveyance by the bank of property in which the bankrupt possessed no homestead estate. The July 20, 1961, conveyance does not fall within the provisions of § 6 of Ch. 52. It conveyed no homestead. Nor was the bankrupt the owner-conveyor therein. And he no longer possessed a homestead estate in, or any legal or equitable title to, the property conveyed. The fact that his earlier conveyance to the bank, in which he expressly released and waived and thereby extinguished his homestead estate and rights, did not provide money proceeds in which a homestead exemption to the extent of $2,500 continued pursuant to § 6 of Ch. 52 is of no import. A homestead can be effectively extinguished by a conveyance by the owner thereof although no proceeds result therefrom upon which § 6 can operate. Cf. Slattery v. Keefe, 201 Ill. 483, 66 N.E. 365.

The judgment order of the District Court is affirmed.

Affirmed.